IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHAWN T. HYNES | |
| PETITIONER | |
| v. | Civil No. - JFM-12-3000 |
| ULRIKE C. BERGER | |
| RESPONDENT | |

## OPINION

Shawn T. Hynes has filed a "Hague Convention Article 15 Petition for Immediate Decision and Determination of Wrongful Removal or Retention of Minor Child." In the Petition Hynes requests this court "to expeditiously decide and determine, in accordance with the . . . Hague Convention's provisions, and at the specific request of the District Court in Schleswig, Germany, whether the removal or retention of the parties' minor daughter, K.B., by respondent, Ulrike C. Berger, a/k/a Julie Berger, . . . was wrongful within the meaning of Article 3 of the Hague Convention . . . ." Petitioner has also filed a motion to expedite proceedings.

This court finds itself in a somewhat awkward position. The District Court in Schleswig, Germany, is holding a hearing in this matter on October 23, 2012. Therefore, time is of the essence. Respondent, however presently resides in the Federal Republic of Germany. Respondent has not yet been served, and the time for her to respond to the petition would be a date beyond October 23, 2012. I have concluded that under the circumstances I should answer the question posed by the District Court in Schleswig, Germany. In doing so I recognize that I have been denied the benefit of the adversary system that lies at the heart of the system of justice

1

in the United States. Accordingly, although I am ruling in favor of Petitioner, Respondent may move to rescind the order that I am entering within 45 days of the service of process upon her.

From the information available to me from the complaint and its attachments, it does appear that Respondent's removal of K.B. from the child's habitual residence in Montgomery County, Maryland, in the United States of America, was wrongful within the meaning of Article 3 of the Hague Convention. These are the facts that lead to my conclusion.

1. Petitioner and Respondent, who are not now and never have been married to one another, are the parents of K.B., a five-year-old girl.

2. At the time of her removal, K.B.'s habitual residence was located in Montgomery County, Maryland, in the United States of America.

3. Prior to her removal, Petitioner legally exercised his custodial rights by visiting K.B. and having regular telephonic and video conference and contact with her almost daily since the time that she was two years old. He has also spent vacation time with K.B. *See Bader v. Kramer*, 484 F.3d 666, 671 (4th Cir. 2007) (finding "exercise" of a non-removing parent's custodial rights, as required for removal to be wrongful under the Hague Convention, "whenever a parent with *de jure* custody rights keeps, or seeks to keep, any sort of regular contact with his or her child") (internal citations and quotations omitted).

4. Petitioner did not consent to removal of K.B. from Montgomery County, Maryland to the Federal Republic of Germany.

Under Maryland law, absent a court order to the contrary, parents are deemed to be joint natural guardians of their minor child and neither parent is presumed to have any right to custody that is superior to the right of the other parent. *See* Md. Code Ann., Fam. Law §5-203 (a)(1) and (d)(2).

For these reasons I am entering the judgment responding to the request made by the District Court in Schleswig, Germany that, based upon the information now available to me, I find that Respondent's removal of K.B. from Montgomery County, Maryland, in the United States of America, to the Federal Republic of Germany was wrongful.

Date: October 12, 2012

J. Frederick Motz
United States District Judge